NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230347-U

NO. 4-23-0347

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 28, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| MAURECUS QUASHON ADAMS, | ) | No. 12CF1086 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE TURNER delivered the judgment of the court.
Justices Steigmann and DeArmond concurred in the judgment.

**ORDER**

¶ 1      *Held*:   Defendant was not denied reasonable assistance of counsel.

¶ 2      Defendant, Maurecus Quashon Adams, appeals the Winnebago County circuit court's April 10, 2023, order granting the State's motion to dismiss his amended postconviction petition. On appeal, defendant asserts he was denied the reasonable assistance of postconviction counsel. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In May 2013, pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of first degree murder (felony murder) (720 ILCS 5/9-1(a)(3) (West 2012)) and received a sentence of 20 years' imprisonment (no firearm enhancement). The factual basis for the plea provided the following. On January 5, 2012, at around 10:45 p.m., defendant knocked on the door of the residence belonging to Jimmy Navarro and Shaquita Crawford. Crawford

opened the door, and defendant asked for Jimmy. When Navarro got to the door, defendant and a second male, later identified as Troy Perkins, rushed through the door. Perkins was wearing black gloves and dark clothing. Perkins put a dangerous weapon to Navarro's head, and Perkins and defendant yelled, " 'Give it up. Give me the s***.' " Perkins also yelled for Crawford to come back from the kitchen or he would harm Navarro. Perkins walked Navarro toward the kitchen and pointed the dangerous weapon at Crawford and then back at Navarro's head. A fight ensued as Navarro tried to get the dangerous weapon away from Perkins. According to the factual basis, Crawford retrieved her dangerous weapon from the kitchen and used it on Perkins, who was struck and died as a result of his injuries. Defendant had taken off running when the fighting began. Defendant did not seek a direct appeal.

¶ 5        Effective July 1, 2021, Public Act 101-652, § 10-216 amended the felony murder provision to provide a person commits first degree murder, when without lawful justification,

> "he or she, acting alone or with one or more participants, commits or attempts to commit a forcible felony other than second degree murder, and in the course of or in furtherance of such crime or flight therefrom, he or she or another participant causes the death of a person." 720 ILCS 5/9-1(a)(3) (West 2020).

In January 2022, defendant filed *pro se* a petition for resentencing based on the aforementioned amendment. The circuit court entered an order stating it lacked jurisdiction to reconsider defendant's sentence.

¶ 6        On April 7, 2022, defendant filed a *pro se* postconviction petition, asserting his constitutional rights were being violated because he was being held in the "Department of Corrections on crime that does not fit justice/serves justice" due to the 2021 amendment. On October 11, 2022, the circuit court entered an order finding defendant's petition set forth the gist

of a constitutional claim, moving the petition to the second stage of the proceedings, and appointing defendant postconviction counsel.

¶ 7 In November 2022, postconviction counsel amended defendant's petition by attaching the 2012 version and the amended version of the first degree murder statute. Postconviction counsel also filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and a letter signed by defendant stating he had consulted with his attorney and wished to go forward with his "post-conviction petition as written."

¶ 8 On January 24, 2023, the State filed a motion to dismiss defendant's postconviction petition, asserting the 2021 amendment was not retroactive. At a hearing that same day, postconviction counsel stated he needed time to review the motion with defendant and determine how to proceed, and the circuit court set the hearing on the State's motion to dismiss for a later date.

¶ 9 On April 10, 2023, the circuit court held a hearing on the State's motion to dismiss. The State argued the 2021 amendment did not apply retroactively based on section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2022)). In response to the State's argument, postconviction counsel argued it was fundamentally unfair and in violation of defendant's eighth and fourteenth amendment rights (U.S. Const., amends. VIII, XIV) because he was being punished for a crime that now a person similarly situated would not be punished for. Postconviction counsel then noted defendant would like to make a statement related to his sole postconviction argument, which the court allowed. Defendant likewise argued not applying the law retroactively violated his constitutional rights. When the court asked if the amendment was silent about whether it was prospective or retroactive, the State admitted the amendment did not use the language retroactive or prospective but noted it did contain an effective date. After

hearing the parties' arguments, the court granted the State's motion to dismiss.

¶ 10    On April 17, 2023, defendant filed his timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021).  See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals).  Thus, we have jurisdiction of defendant's appeal under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 11    In his brief on appeal, defendant recognizes a split in the districts of the appellate court regarding whether postconviction counsel can continue to represent a defendant after counsel determines the defendant's petition is frivolous or patently without merit and notes the matter is currently pending before the Illinois Supreme Court in *People v. Huff*, No. 128492.  On January 23, 2024, this court entered an order holding this case in abeyance until the supreme court rendered its decision in *Huff*.  Our supreme court rendered its decision in *Huff* on February 1, 2024 (*People v. Huff*, 2024 IL 128492), and thus we now decide defendant's appeal.

¶ 12                                    II. ANALYSIS

¶ 13    Defendant appeals the dismissal of his postconviction petition at the second stage of the proceedings.  The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq*. (West 2022)) provides a remedy for defendants who have suffered a substantial violation of their constitutional rights at trial.  *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006).  The Postconviction Act sets forth three stages of proceedings.  *Pendleton*, 223 Ill. 2d at 471-72, 861 N.E.2d at 1007.  At the first stage, the circuit court independently reviews the defendant's postconviction petition and determines whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022).  If it finds the petition is frivolous or patently without merit, the court must dismiss the petition.  725 ILCS

- 4 -

5/122-2.1(a)(2) (West 2022). If the court does not dismiss the petition, it proceeds to the second stage, where the court may appoint counsel for an indigent defendant. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Defense counsel may amend the defendant's petition to ensure his or her contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Also, at the second stage, the State may file a motion to dismiss the defendant's petition or an answer to it. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1008. If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his or her petition. *Pendleton*, 223 Ill. 2d at 472-73, 861 N.E.2d at 1008. At both the second and third stages of the postconviction proceedings, "the defendant bears the burden of making a substantial showing of a constitutional violation." *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. A substantial showing means the allegations, if proven at an evidentiary hearing, would entitle the petitioner to relief. *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. In this case, the State did file a motion to dismiss, and the court granted that motion.

¶ 14    Defendant's sole contention on appeal is that he was denied reasonable assistance of counsel at the second stage of the postconviction proceedings.

¶ 15    In postconviction proceedings, the right to counsel is wholly statutory, and the Postconviction Act only requires counsel to provide a defendant with a " 'reasonable level of assistance.' " *People v. Lander*, 215 Ill. 2d 577, 583, 831 N.E.2d 596, 600 (2005) (quoting *People v. Owens*, 139 Ill. 2d 351, 364, 564 N.E.2d 1184, 1189 (1990)). Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) "imposes specific obligations on postconviction counsel to assure the reasonable level of assistance required by the [Postconviction] Act." *Lander*, 215 Ill. 2d at 584, 831 N.E.2d at 600. Under that rule, postconviction counsel must (1) consult with the

- 5 -

defendant either by mail or in person to ascertain the contentions of deprivation of constitutional rights, (2) examine the record of the circuit court proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's contentions. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 403 (2007). The defendant bears the burden of demonstrating his attorney failed to comply with the duties mandated in Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200. Our supreme court has consistently held remand is required when postconviction counsel failed to complete any one of the above duties, "regardless of whether the claims raised in the petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47, 862 N.E.2d 977, 982 (2007). This court reviews *de novo* whether an attorney complied with Rule 651(c). *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15, 43 N.E.3d 1077.

¶ 16　　　　Specifically, defendant contends his sole postconviction argument lacked legal merit and thus counsel's only options were to amend the petition to state a nonfrivolous claim or withdraw as counsel. He claims postconviction counsel's decision to stand on defendant's meritless petition as written was unreasonable because it required counsel to bring a frivolous claim in violation of both *People v. Greer*, 212 Ill. 2d 192, 206, 817 N.E.2d 511, 520 (2004), and the Illinois Rules of Professional Conduct Rule 3.1 (Ill. R. Prof'l Conduct (2010) R. 3.1 (eff. Jan. 1, 2010).

¶ 17　　　　While our supreme court in *Huff* did not address the issue upon which the appellate districts are split, its analysis provides guidance for resolving this appeal. *Huff*, 2024 IL 128492, ¶ 16. First, in *Huff*, 2024 IL 128492, ¶ 23, the supreme court noted the defendant's acknowledgement his postconviction counsel filed a Rule 651(c) certificate. As such, counsel is presumed to have provided reasonable assistance, and the defendant has the burden of rebutting

- 6 -

that presumption. *Huff*, 2024 IL 128492, ¶ 23. Here, defendant also acknowledges his counsel filed a Rule 651(c) certificate but asserts he rebutted the presumption counsel provided reasonable assistance.

¶ 18 The *Huff* court next addressed the postconviction counsel's certification he made any amendments to the *pro se* petition necessary to adequately present the defendant's claim. *Huff*, 2024 IL 128492, ¶ 24. In this case, postconviction counsel did amend defendant's *pro se* petition by attaching the 2012 version and the 2021 amended version of the first degree murder statute. Like the defendant in *Huff*, 2024 IL 128492, ¶ 24, defendant does not identify any other amendments to his *pro se* petition that would have allowed the petition to survive dismissal but, rather, argues his sole claim was meritless. In *Huff*, 2024 IL 128492, ¶ 25, the supreme court concluded the defendant failed to rebut the presumption by identifying anything in the record showing postconviction counsel failed to make a necessary amendment or suggesting any amendments counsel could have made. Likewise, defendant in this case has failed to rebut the presumption postconviction counsel made all necessary amendments.

¶ 19 After finding the defendant failed to rebut the presumption created by postconviction counsel's Rule 651(c) certificate, the supreme court addressed whether postconviction counsel was ethically bound to withdraw, as suggested in *Greer*. *Huff*, 2024 IL 128492, ¶¶ 27-30. After reviewing its decision in *Greer*, the supreme court explained its decision regarding an ethical duty to withdraw as follows:

> "Our hypothetical in *Greer* suggests that, if appointed counsel knows that a petitioner's claims were frivolous or patently without merit, then counsel has an ethical duty to withdraw. However, that is not the state of the case before this court. Nothing in the record suggests that postconviction counsel knew that the

petition was frivolous or patently without merit. See Black's Law Dictionary (11th ed. 2019) ('frivolous' is defined as '[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law' and 'patent' means '[o]bvious; apparent'). Also, the court, not counsel, is the ultimate arbiter of whether 'the claims in the petition are meritorious.' [Citation.] Different counsel may differ in their opinions regarding the merits of the petition. [Citation.]

In this case, petitioner presented a single *Apprendi* [v. *New Jersey*, 530 U.S. 466 (2000)] claim. That claim had already been rejected on direct appeal and in a proceeding under section 2-1401 of the Code [of Civil Procedure (735 ILCS 5/2-1401 (West 2004))]. However, petitioner argued that the law regarding *Apprendi* had changed since those decisions, so *res judicata* did not prevent his claim. The *pro se* petition also presented a defense to the timeliness basis for dismissal. While petitioner's claim was ultimately unsuccessful, there is no indication that appointed counsel 'knew' that the claim was 'frivolous and patently without merit.' Since there is no indication in the record that postconviction counsel knew, or even believed, that petitioner's claim was frivolous or patently without merit, we do not reach the issue exactly as posed in the petition for leave to appeal. Instead, we ask and answer this question, which is ancillary to the question that we raised in *Greer*: Must postconviction counsel, who was appointed without a first-stage ruling by the circuit court, move to withdraw when petitioner's *pro se* petition posits a weak legal claim but the claim is presented in the best possible legal form and there is no indication that counsel knew the claim was frivolous? We find that, under those circumstances, counsel

has no duty to withdraw." *Huff*, 2024 IL 128492, ¶¶ 29-30. Likewise, this court in *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 13, 964 N.E.2d 679, recognized counsel has an ethical obligation to seek a withdrawal as counsel when "counsel believes that his client's claims are frivolous or patently without merit."

¶ 20 As in *Huff*, nothing in the record suggests postconviction counsel believed defendant's sole postconviction claim was frivolous or patently without merit. Postconviction counsel amended defendant's *pro se* petition and argued its merits in opposition to the State's motion to dismiss. He did not confess the State's motion. Moreover, we note the circuit court in this case had found defendant's claim was not frivolous or patently without merit. Thus, defendant has failed to establish postconviction counsel had an ethical obligation to withdraw as counsel.

¶ 21 Accordingly, we find postconviction counsel provided reasonable assistance to defendant.

¶ 22 III. CONCLUSION

¶ 23 For the reasons stated, we affirm the Winnebago County circuit court's dismissal of defendant's amended postconviction petition.

¶ 24 Affirmed.